MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
FELIPE ARMANDO ARGUETA TARAX,
LUIS ARGUETA TARAX, and EDGAR
DAVID ARGUETA TARAX, *individually and*
*on behalf of others similarly situated,*

                              *Plaintiffs*,

           -against-

BUILDING YOUR DREAM INC.  (D/B/A
BUILDING YOUR DREAM INC.) and
ANTONIO DASILVA FILHO (A.K.A.
ANTHONY),

                         *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiffs Felipe Armando Argueta Tarax, Luis Argueta Tarax, and Edgar David Argueta

Tarax, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and

through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and

as against Building Your Dream Inc. (d/b/a Building Your Dream Inc.), ("Defendant Corporation")

and Antonio Dasilva Filho (a.k.a. Anthony), ("Individual Defendant"), (collectively,

"Defendants"), allege as follows:

<u>**NATURE OF ACTION**</u>

      1.     Plaintiffs are former employees of Defendants Building Your Dream Inc. (d/b/a

Building Your Dream Inc.) and Antonio Dasilva Filho (a.k.a. Anthony).

2.      Defendants own, operate, or control a construction company, located at 74 Washington Ave, New Rochelle, NY 10801 under the name "Building Your Dream Inc.".

3.      Upon information and belief, individual Defendant Antonio Dasilva Filho (a.k.a. Anthony), serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the construction corporation as a joint or unified enterprise.

4.      Plaintiffs were employed as construction workers at the construction corporation located at 74 Washington Ave, New Rochelle, NY 10801.

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.      Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

9.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a construction company located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

15.     Plaintiff Felipe Armando Argueta Tarax ("Plaintiff Armando" or "Mr. Armando") is an adult individual residing in Bronx County, New York.

16.     Plaintiff Armando was employed by Defendants at Building Your Dream Inc. from approximately April 2020 until on or about May 2020.

17.     Plaintiff Luis Argueta Tarax ("Plaintiff Argueta" or "Mr. Argueta") is an adult individual residing in Bronx County, New York.

18.     Plaintiff Argueta was employed by Defendants at Building Your Dream Inc. from approximately May 20, 2020 until on or about July 2020.

19.     Plaintiff Edgar David Argueta Tarax ("Plaintiff Tarax" or "Mr. Tarax") is an adult individual residing in Bronx County, New York.

20.     Plaintiff Tarax was employed by Defendants at Building Your Dream Inc. from approximately May 25, 2020 until on or about July 25, 2020.

*Defendants*

21.     At all relevant times, Defendants owned, operated, or controlled a construction company, located at 74 Washington Ave, New Rochelle, NY 10801 under the name "Building Your Dream Inc.".

22.     Upon information and belief, Building Your Dream Inc. (d/b/a Building Your Dream Inc.) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 74 Washington Ave, New Rochelle, NY 10801.

23.     Defendant Antonio Dasilva Filho (a.k.a. Anthony) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Antonio Dasilva Filho (a.k.a. Anthony) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Antonio Dasilva Filho (a.k.a. Anthony) possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls

significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

24.     Defendants operate a construction company located in the town of New Rochelle in Westchester County.

25.     Individual Defendant, Antonio Dasilva Filho (a.k.a. Anthony), possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

26.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

28.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

29.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

30.     Upon information and belief, Individual Defendant Antonio Dasilva Filho (a.k.a. Anthony) operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

31.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

32.     During 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the construction corporation on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

34.     Plaintiffs are former employees of Defendants who were employed as construction workers.

35.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Felipe Armando Argueta Tarax*

36.     Plaintiff Armando was employed by Defendants from approximately April 2020 until on or about May 2020.

37.     Defendants employed Plaintiff Armando as a construction worker.

38.     Plaintiff Armando regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

39.     Plaintiff Armando's work duties required neither discretion nor independent judgment.

40.     Throughout his employment with Defendants, Plaintiff Armando regularly worked in excess of 40 hours per week.

41.     From approximately April 2020 until on or about May 2020, Plaintiff Armando worked from approximately 7:00 a.m. until on or about 4:00 p.m., 2 days a week and from approximately 7:00 a.m. until on or about 6:00 p.m., 4 days a week (typically 62 hours per week).

42.     Throughout his employment, Defendants paid Plaintiff Armando his wages by personal check.

43.     For approximately one week, Defendants paid Plaintiff Armando a fixed salary of $720 per week.

44.     For approximately six weeks and three days, Defendants did not pay Plaintiff Armando any wages for his work.

45.     Plaintiff Armando's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

46.     For example, Defendants required Plaintiff Armando to work an additional 2 hours past his scheduled departure time everyday, and did not pay him for the additional time he worked.

47.     Although Defendants granted Plaintiff Armando a 20-minute break, one to two times per week, Defendants interrupted it by requiring him to stop eating and get work done.

48.     Plaintiff Armando was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

49.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Armando regarding overtime and wages under the FLSA and NYLL.

50.     Defendants did not provide Plaintiff Armando an accurate statement of wages, as required by NYLL 195(3).

51.     Defendants did not give any notice to Plaintiff Armando, in English and in Spanish (Plaintiff Armando's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

52.     Defendants required Plaintiff Armando to purchase "tools of the trade" with his own funds—including a pair of shoes.

*Plaintiff Luis Argueta Tarax*

53.     Plaintiff Argueta was employed by Defendants from approximately May 20,2020 until on or about July 2020.

54.     Defendants employed Plaintiff Argueta as a construction worker.

55.     Plaintiff Argueta regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

56.     Plaintiff Argueta's work duties required neither discretion nor independent judgment.

57.     Throughout his employment with Defendants, Plaintiff Argueta regularly worked in excess of 40 hours per week.

58.     From approximately May 20, 2020 until on or about July 2020, Plaintiff Argueta worked from approximately 7:00 a.m. until on or about 6:00 p.m., Mondays through Thursdays and from approximately 7:00 a.m. until on or about 4:00 p.m., Fridays and Saturdays (typically 62 hours per week).

59.     Throughout his employment, Defendants paid Plaintiff Argueta his wages in cash.

60.     For approximately one week, Defendants paid Plaintiff Argueta a fixed salary of $720 per week.

61.     For approximately five weeks, Defendants did not pay Plaintiff Argueta any wages for his work.

62.     Plaintiff Argueta's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

63.     For example, Defendants required Plaintiff Argueta to work an additional 2 hours past his scheduled departure time four days a week, and did not pay him for the additional time he worked.

64.     Although Defendants granted Plaintiff Argueta a 20-minute break, Defendant Antonio Dasilva Filho (a.k.a. Anthony) interrupted it by requiring him to stop eating and get work done.

65.     Plaintiff Argueta was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

66.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Argueta regarding overtime and wages under the FLSA and NYLL.

67.     Defendants did not provide Plaintiff Argueta an accurate statement of wages, as required by NYLL 195(3).

68.     Defendants did not give any notice to Plaintiff Argueta, in English and in Spanish (Plaintiff Argueta's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Edgar David Argueta Tarax*

69.     Plaintiff Tarax was employed by Defendants from approximately May 25, 2020 until on or about July 25, 2020.

70.     Defendants employed Plaintiff Tarax as a construction worker.

71.     Plaintiff Tarax regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

72.     Plaintiff Tarax's work duties required neither discretion nor independent judgment.

73.     Throughout his employment with Defendants, Plaintiff Tarax regularly worked in excess of 40 hours per week.

74.     From approximately May 25, 2020 until on or about July 25, 2020, Plaintiff Tarax worked from approximately 7:00 a.m. until on or about 6:00 p.m., Mondays through Thursdays and from approximately 7:00 a.m. until on or about 4:00 p.m., Fridays and Saturdays (typically 62 hours per week).

75.     Throughout his employment, Defendants paid Plaintiff Tarax his wages by check.

76.     For approximately two weeks, Defendants paid Plaintiff Tarax a fixed salary of $720 per week.

77.     For approximately six weeks, Defendants did not pay Plaintiff Tarax any wages for his work.

78.     Plaintiff Tarax's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

79.     For example, Defendants required Plaintiff Tarax to work an additional 2 hours past his scheduled departure time four days a week, and did not pay him for the additional time he worked.

80.     Although Defendants granted Plaintiff Tarax a 20-minute break, Defendants interrupted it by requiring him to stop eating and get work done.

81.     Plaintiff Tarax was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

82.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Tarax regarding overtime and wages under the FLSA and NYLL.

83.     Defendants did not provide Plaintiff Tarax an accurate statement of wages, as required by NYLL 195(3).

84.     Defendants did not give any notice to Plaintiff Tarax, in English and in Spanish (Plaintiff Tarax's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

85.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

86.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

87.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

88.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

89.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

90.     Defendants paid Plaintiffs their wages in a combination of check and cash.

91.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

92.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

93.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

94.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

95.     Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

96.     Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

97.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf

of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

98.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

99.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

100.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

101.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

102.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

103.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

104.     Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable

minimum hourly rate, in violation of 29 U.S.C. § 206(a).

105.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

106.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

107.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

108.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

109.     Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

110.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

111.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

112.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

113.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

114.     Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

115.     Plaintiffs were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

116.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

117.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

118.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

119.     Plaintiffs were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

120.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

121.     Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

122.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

123.    Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

124.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

125.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

126.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

127.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

128.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

129.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

130.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

131.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

132.    Plaintiffs were damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

133.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

134.    Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

135.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(n)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)      Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)       Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York

January 4, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:        /s/ Michael Faillace
          Michael Faillace [MF-8436]
          60 East 42nd Street, Suite 4510
          New York, New York 10165
          Telephone: (212) 317-1200
          Facsimile: (212) 317-1620
          *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcompliance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

BY ELECTRONIC SIGNATURE

December 4, 2020

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Luis Argueta Tarax

Legal Representative / Abogado:          Michael Faillace & Associates, P.C.

Signature / Firma:                      X Luis Argueta Tarax

Date / Fecha:                           4 de diciembre de 2020

*Certified as a minority-owned business in the State New York*

10/27/2020                                    IMG-20201026-WA0000.jpg

10/27/2020                                    IMG-20201026-WA0007.jpg

                                              IMG-20201026-WA0004.jpg

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

BY ELECTRONIC SIGNATURE                       October 26, 2020

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
(Yo, por medio de este documento, doy mi consentimiento para formar parte de la
demanda como uno de los demandantes.)

Name / Nombre:

                        Felipe Armando Argueta Tarax

Legal Representative / Abogado:       Michael Faillace & Associates, P.C.

Signature / Firma:                    X Armando Argueta

Date / Fecha:                         26 de octubre 2020

Certified as a minority-owned business in the State New York

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcompleance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

BY ELECTRONIC SIGNATURE

October 26, 2020

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)

Name / Nombre:                    Edgar David Argueta Tarax

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                EDGAr David

Date / Fecha:                     26 de octubre de 2020